United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  PEERLESS INSURANCE COMPANY;          No. C-10-5339 MMC
    GOLDEN EAGLE INSURANCE COMPANY,
12                                       **ORDER GRANTING DEFENDANTS'**
                Plaintiffs,              **MOTION TO DISMISS**
13
       v.
14
    INTEX FORMS, INC., et al.,
15
                Defendants.
16  ————————————————————————/

17

18          Before the Court is defendants Granite Silver Development Partners, LP, FC-Silver

19  Canyon, Inc, American Nevada Seven Hills Limited Partnership, SS Seven Hills, Inc., and

20  Silver Canyon Partnership's (collectively, "SCP") motion, filed December 28, 2010, to

21  dismiss plaintiffs' Complaint for Declaratory Relief.  Plaintiffs Peerless Insurance Company

22  and Golden Eagle Insurance Company (collectively, "Peerless") have filed opposition, to

23  which SCP has replied.[1]  The matter came on regularly for hearing on March 18, 2011.

24  Nicholas Salerno of Lincoln, Gustafson & Cercos appeared on behalf of SCP; Jay Framson

25  of Lewis Brisbois Bisgaard & Smith LLP appeared on behalf of Peerless.  Having read and

26  considered the papers filed in support of and in opposition to the motion, and having

27  considered the arguments of counsel, the Court rules as follows.

28          ───────────────────────
            [1] The remaining defendant in the instant action, Intex Forms, Inc., has neither joined
    SCP's motion, nor responded to Peerless's complaint.

**BACKGROUND**

According to the Complaint, Peerless issued insurance policies to Intex Forms, Inc. ("Intex") between 1997 and 2002, which policies required Peerless to defend and indemnify Intex in certain circumstances.  (See Compl. ¶¶ 13, 14, 15.)  Peerless seeks a declaration that it has no duty to defend or indemnify Intex in a pending Nevada state court action arising from allegedly defective work performed by Intex and SCP in construction of the Seven Hills Development, and in which action SCP filed third-party claims against Intex ("the Seven Hills Litigation").  (See Compl. ¶¶ 16-18; see also Framson Aff. Ex. 1 (SCP Third-Party Complaint).)

Prior to the Seven Hills Litigation, Intex filed for Chapter 11 bankruptcy in the Northern District of California.  See generally In re Intex Forms Inc., No. 4-33095 (Bankr. N.D. Cal. 2004).  In September 2009, SCP sought relief from the automatic stay of litigation against Intex, stating SCP sought such relief "solely to establish liability against Intex'[s] liability carriers that have declined their obligation to defend and indemnify Intex." (See Compl. ¶¶ 20, 21; see also Framson Aff. Ex. 2 at 2:5-8.)  On July 13, 2010, the bankruptcy court terminated the automatic stay against Intex (1) to permit the Seven Hills Litigation "to proceed to final decision against [Intex] for all purposes . . . , except that any money judgment may be enforced against [Intex] only via insurance proceeds; and (2) to allow any insurer to take any action necessary to contest its obligation to pay or to defend [Intex]."  (See Compl. Ex. 8.)

**LEGAL STANDARD**

The Declaratory Judgment Act ("DJA") provides: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).

"Jurisdiction to award declaratory relief exists only in a case of actual controversy." Am. States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994).  The "actual controversy"

1    requirement "is identical to Article III's constitutional case or controversy requirement." Id. [2]

2    The requirement obligates a district court to determine "whether the facts alleged, under all

3    the circumstances, show that there is a substantial controversy, between parties having

4    adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

5    declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007).

6    "[A] party seeking a declaratory judgment has the burden of establishing the existence of

7    an actual case or controversy." Id. at 140.

8         "If there is a case or controversy within its jurisdiction, the court must decide whether

9    to exercise that jurisdiction" as "[t]he statute gives discretion to courts in deciding whether

10   to entertain declaratory judgments." Kearns, 15 F.3d at 143-44.  "Essentially, the district

11   court must balance concerns of judicial administration, comity, and fairness to the litigants."

12   Id. at 144 (internal quotation and citation omitted) (noting "Supreme Court has provided

13   guidance for the exercise of the district court's discretion"; citing Billhart v. Excess Ins. Co.,

14   316 U.S. 491 (1942)).

**DISCUSSION**

16        Peerless contends an actual controversy exists between Peerless, on the one hand,

17   and Intex and SCP, on the other, as to whether Peerless has a duty to defend Intex in the

18   Seven Hills Litigation, and to indemnify Intex for any judgment obtained against it by SCP in

19   said litigation.

20   **I.    Case or Controversy:  Intex**

21        In the typical action brought by an insurance company for relief under the DJA with

22   respect to its duty to defend and indemnify an insured, the insured has tendered its

23   defense and/or claim for indemnity to the insurer.  See, e.g., Aetna Cas. and Sur. Co. Co.

24   v. Merritt, 974 F.2d 1196, 1198 (9th Cir. 1992) (noting insured "tendered the defense of

25   [state action] to Aetna").  In such cases, an actual controversy exists between the insured

26   and insurer.  See id. at 1199 (finding district court properly exercised jurisdiction over

27   _____

28        [2] The action "must also fall under one of the foundations of federal jurisdiction."
     Kearns, 15 F.3d at 143.  Here, jurisdiction is predicated on diversity of citizenship.

1    insurer's declaratory relief action).

2          Here, Peerless alleges that it "wrote to Intex denying defense or indemnity" under

3    the relevant policies "for the claims asserted in the Seven Hills Litigation."  (See Compl.

4    ¶ 19 (italics omitted).)  Peerless neither alleges nor presents any evidence, however, that

5    Intex requested Peerless either defend or indemnify Intex, or that Intex objected to

6    Peerless's refusal to do so.  See Nat'l Union Fire Ins. Co. of Pittsburg v. ESI Ergonomic

7    Solutions, 342 F. Supp. 2d 853, 862 (D. Ariz. 2004) (finding no actual controversy between

8    insured and insurer where insurer "d[id] not allege that [insured] disputes [insurer's] denial

9    of coverage").  Indeed, Intex has not appeared in this action to assert any rights it may

10   possess under the policies.

11         Rather, the letters Peerless alleges it "wrote to Intex" were in fact written to counsel

12   for Granite Silver Development Partners, LP and American Nevada Company, LLC

13   (collectively "ANC") and refer to a request by ANC, not Intex.  (See Compl. Exs. 6, 7

14   (referring to "tender of defense you forwarded to us on behalf of . . . ANC"; concluding

15   Peerless "will not provide [Intex] and ANC with a defense or indemnification").)  Even

16   assuming ANC requested Peerless defend Intex,[3] Peerless provides no authority by which

17   ANC's request would establish a justiciable controversy as to Intex.  Cf. Gov't Emp. Ins. Co.

18   v. Dizol 133 F.3d 1220, 1222 n.2 (9th Cir. 1998) (noting Ninth Circuit has "consistently held

19   that a dispute between an insurer and its insureds over the duties imposed by an insurance

20   contract satisfies Article III's case and controversy requirement" (emphasis added)).

21   **II.    Case or Controversy:  SCP**

22         Peerless alleges SCP has sufficiently threatened litigation to enforce against

23   Peerless any judgement SCP obtains against Intex in the Seven Hills Litigation.

24   (See Compl. ¶ 22.)  In support thereof, Peerless submits the motion SCP filed in Intex's

25   bankruptcy action, in which motion SCP stated it was seeking relief from the above-

26   referenced stay "solely to establish liability against Intex'[s] liability carriers that have

27

28          [3]  Peerless did not submit the letter(s) sent by ANC to Peerless.

4

declined their obligation to defend and indemnify Intex." (<u>See</u> Framson Aff. Ex. 2 at 2:5-8.)

"If the defendant's actions cause the plaintiff to have a real and reasonable apprehension that he will be subject to liability, the plaintiff has presented a justiciable case or controversy." <u>Spokane Indian Tribe v. U.S.</u>, 972 F.2d 1090, 1092 (9th Cir. 1992).  Here, although SCP, in its motion before the bankruptcy court, arguably stated an intent to enforce against Intex's "liability carriers" any judgment obtained against Intex (<u>see</u> Framson Aff. Ex. 2 at 2:7), the motion is directed at Gemini Insurance Company, the one Intex insurer identified therein as having defended Intex in the Seven Hills Litigation, but then, according to SCP, "suddenly withdrew their defense" in what was a collaborative effort with Intex to defeat SCP's rights under a stipulation entered between Intex and SCP in the bankruptcy court (<u>see</u> <u>id.</u> Ex. 2 at 5:9-13, 7:8-16, 9:22-10:2).  By its motion, SCP sought to "modify" such stipulation (<u>see</u> <u>id.</u> Ex. 2 at 1), explaining that "the judgment [against Intex] will be enforced only against [Intex's] carriers who have had more than a year to investigate, defend, and potentially resolve this claim, but have now chosen to withdraw their defense" (<u>see</u> <u>id.</u> at 11:9-13).  Under such circumstances, and when read in context, SCP's use of the plural "carriers" cannot reasonably be understood as a threat against Peerless.  Nor has Peerless submitted any evidence to show that, in the year and a half since SCP's filing of the above-discussed motion, SCP has otherwise made such a threat.

In sum, Peerless has failed to demonstrate a "substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." <u>See</u> <u>MedImmune</u>, 549 U.S. at 126.

Accordingly, SCP's motion to dismiss is hereby GRANTED, and the above-titled action is hereby DISMISSED in its entirety.

**IT IS SO ORDERED.**

Dated:  March 29, 2011

_____
MAXINE M. CHESNEY
United States District Judge